# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE WALKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 1:24-cv-12618 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Maurice Walker ("Walker"), filed the present Motion to Vacate, Set Aside, or Correct His Sentence Pursuant to 28 U.S.C. § 2255 ("Petition"). Walker argues the Court should grant his Petition based on two grounds: (1) that his trial counsel rendered ineffective assistance by failing to file a direct appeal of the Court's sentencing at his October 31, 2024, Rule 32 revocation hearing ("Ground One"); and, (2) that his trial counsel rendered ineffective assistance by failing to argue, as a sentencing mitigation factor at his revocation hearing, recent changes in the law affecting the constitutionality of his underlying § 922(g) firearm conviction ("Ground Two"). Walker requests an evidentiary hearing on both grounds. For the reasons stated below, the Court grants Walker's request for an evidentiary hearing as to Ground One but denies and declines to certify for appeal his Petition to Vacate, Set Aside, or Correct His Sentence Pursuant to 28 U.S.C. § 2255, [1], as to Ground Two.[1]

## BACKGROUND

### A.    Underlying Conviction and Procedural History

---

[1] In order to clearly distinguish between Walker's *pro se* arguments, the Court utilizes the terms "Ground One" and "Ground Two," as reflected in Walker's form Petition filed with this Court.

On December 1, 2016, a federal grand jury returned an indictment charging Walker with one count of possessing a firearm in and affecting interstate commerce, after previously having been convicted of a felony, in violation of 18 U.S.C. 2 § 922(g)(1). 16 CR 783 (Dkt. 1 at *1). On June 29, 2017, the grand jury returned a superseding indictment that added a count of obstruction of justice conspiracy, in violation of 18 U.S.C. § 1512(k), for Walker's obstructive conduct with respect to putative witnesses at his trial. 16 CR 783 (Dkt. 43). The indictment specifically alleges Walker took part in a conspiracy to pay a witness to provide false testimony at his trial. (*Id.* at *3).

With the advice and assistance of his court-appointed attorney, Amir Mohabbat, Walker entered guilty pleas to both counts in the superseding indictment, pursuant to a *pro se* plea declaration that he had previously filed. 16 CR 783 (Dkt. 55, 64). At Walker's August 8, 2018, sentencing hearing, the Court imposed concurrent sentences of 80 months on Counts 1 and 2, to be followed by a supervised release period of 36 months. 16 CR 783 (Dkt. 77). The Court recommended to the Bureau of Prisons ("BOP"): "Defendant to receive credit for time being served beginning 6/29/2017 when the superseding indictment was filed (and not sooner), as conduct charged in Count 2 of the superseding indictment occurred while Defendant was detained in federal custody." *United States v. Walker*, 917 F.3d 989, 991 (7th Cir. 2019).

Walker appealed his sentence, on August 22, 2020, arguing that the Court erred when it ruled that the BOP would calculate the time served to exclude the time he served in custody between his arrest on June 11, 2016, and the date the superseding indictment was returned on June 29, 2017. *Id.* at 992. The Seventh Circuit concluded that there was no error and affirmed Walker's sentence. *Id.* at 994.

On September 9, 2025, Walker filed a motion for compassionate release due to the COVID-19 pandemic as it related to his personal health and to prison conditions generally, which the Court denied on January 11, 2021. 16 CR 783 (Dkt. 120). The Court also denied his motion for

reconsideration on November 11, 2021, leading to him serving the remainder of his sentence. *Id.* (Dkt. 132).

**B.      Walker's Supervised Release Violations and Revocation Hearing**

After Walker's release from the BOP in December 2022, Walker began his 36-month term of supervised release. During his supervised release, the Probation Office filed several violation reports concerning 25 violations that Walker was alleged to have committed before October 25, 2024. Among those violations, the Probation Office noted that Walker failed drug tests and left the jurisdiction without permission. He was also charged in state court for possession of a firearm on January 10, 2024 and again on June 27, 2024. *See,* e.g., 16 CR 783 (Dkt. 135, 144, 159, 162). On October 31, 2024, after a Rule 32 hearing, the Court revoked Walker's term of supervised release. Specifically, Walker admitted the following Grade C violations:

> **(Mandatory Condition #6)** you shall refrain from any unlawful use of a controlled substance AND submit to one drug test within l5 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release.
> **(Discretionary Condition #4)** you shall seek, and work conscientiously at, lawful employment or pursue conscientiously a course of study or vocational training that will equip you for employment.
> **(Discretionary Condition #17)** you shall notify a probation officer promptly, within 72 hours of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation office.

16 CR 783 (Dkt. 165). The Court subsequently sentenced Walker to a term of 18 months' imprisonment. (*Id.*).

**C.      Present Petition**

On December 9, 2024, Walker filed his Petition pursuant to 28 U.S.C. § 2255. (Dkt. 1). Walker argues that his trial counsel rendered ineffective assistance by failing to file a direct appeal of the Court's sentencing at his October 31, 2024, revocation hearing. (Dkt. 1 at *4). Walker additionally argues he was entitled to a sentencing mitigation argument at his revocation hearing pursuant to the rulings in *New York Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022)(addressing the constitutional right

3

to bear arms in public for self-defense for "law-abiding citizens") and *United States v. Griffin*, 704 F. Supp. 3d 851 (N.D. Ill. 2023)(Coleman, J.)(addressing the constitutionality of the felon dispossession statute as applied to a non-violent defendant). (*See* Dkt 13 at *3). Finally, Walker moves the Court to order an evidentiary hearing "to establish that the right to file a direct appeal and … secure a Rule 32 statement and argument concerning mitigation based on the new gun law decisions around the country." (Dkt 1 at *12).

## LEGAL STANDARD

To obtain relief under 28 U.S.C. § 2255, a petitioner must show that his "sentence was imposed in violation of the Constitution or laws of the United States, the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." Relief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

Not every petitioner who seeks relief pursuant to § 2255 is entitled to an evidentiary hearing." *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016). District courts have discretion to deny a § 2255 petitioner an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), or "if the petitioner makes conclusory or speculative allegations rather than specific factual allegations." *Burkhart v. United States*, 27 F.4th 1289, 1299 (7th Cir. 2022) (citations omitted); *see also United States v. Coscia*, 4 F.4th 454, 482 (7th Cir. 2021).

## I.     Ground One

Respondent acknowledges a hearing may be necessary to resolve factual issues regarding Walker's claim that he directed his attorney to file an appeal and his attorney failed to do so. To establish ineffective assistance of counsel, a plaintiff must establish: (1) his trial attorney's performance

"fell below an objective standard of reasonableness," informed by "prevailing professional norms" and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668 (1984). "When a defendant asks his attorney to pursue a direct appeal and the attorney does not do so, it is *per se* ineffective assistance of counsel." *Dowell v. United States*, 694 F.3d 898, 901 (7th Cir. 2012)(quoting *Gant v. United States*, 627 F.3d 677, 681 (7th Cir. 2010)). To succeed on such a claim, however, a defendant must show that he actually requested his attorney file an appeal. *See Castellanos v. United States,* 26 F.3d 717, 719 (7th Cir.1994) (stating "request' is an important ingredient in this formula. A lawyer need not appeal unless the client wants to pursue that avenue.").

Plaintiff asserts "defense counsel Amir Mohabbat['s] failure to file any appeal after sentencing was clearly deficient performance meeting the first prong of ineffective assistance because the representation [falls] below that of a reasonable professional attorney … (Dkt. 1 at 4*). The Respondent's Counsel asserts, however, that after the October 31, 2024, revocation hearing, defense counsel for Walker discussed with Walker, in the presence of the courtroom deputy, the issues that Walker now complains of and did not instruct his attorney to file an appeal. (See Dkt. 13 at *7).

When defense counsel fails to file a direct appeal when requested by the client, it is *per se* ineffective assistance of counsel. *Dowell*, 694 F.3d 898 at 90. Here, however, whether Walker did in fact ask his counsel to file a direct appeal is a factual matter in dispute which would need to be examined at an evidentiary hearing. Accordingly, the Court grants Plaintiff's request for a hearing as to Ground One.

## II.     Ground Two

Respondent argues Walker's Second Ground for his § 2255 Petition—challenging his initial § 922(g) conviction based on the ground that counsel performed ineffectively by failing to attack his conviction during the Rule 32 revocation proceedings and failing to argue as a sentencing mitigating

factor at revocation that the law regarding §922(g) had recently changed—should be dismissed as untimely.

A Petitioner has one year to file a § 2255 petition. 28 U.S.C. § 2255(f). The one-year statute of limitations commenced upon the latest of: (1) the date on which judgment of conviction became final; (2) the removal of a government-created unconstitutional impediment preventing a timely filing; (3) the date on which a right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim could have been discovered through due diligence. *Id.*

Walker's challenge to his underlying §922(g) conviction is not timely under any of the four subsections of § 2255(f): Walker's conviction became final on June 9, 2019, 90 days after his conviction was affirmed, Supreme Court Rule 13.3, making his Petition is more than four years too late to be considered timely pursuant to §2255(f)(1); Walker does not assert any "impediment created by governmental action in violation of the Constitution or laws of the United States" that "prevented [him] from making a motion by such governmental action" that would restart the one-year statute of limitations, meaning he cannot rely on §2255(f)(2); The United States Supreme Court handed down its decision in *Bruen* on June 23, 2022, and this Court decided *Griffin* on November 30, 2023, making his December 9, 2024, Petition untimely for purposes of §2255(f)(3); finally, Walker does not assert any facts which would restart the one-year statute of limitation pursuant to § 2255(f)(4).

Walker never challenged his § 922(g) conviction on constitutional grounds in the district court, during his direct appeal, or in a timely § 2255 petition following that appeal. His current challenge seeks to circumvent § 2255's statute of limitations by raising his issue as a collateral attack to his Rule 32 revocation proceedings that concerned his numerous supervised release violations and in no way involved his underlying conviction. Because his current Petition is untimely and because the record

conclusively shows he is not entitled to relief, the Court denies his Petition and his accompanying request for an evidentiary hearing as to Ground Two.

Because the Court finds his Petition as to Ground Two untimely, the Court will not address the merits of the remaining arguments in Walker's § 2255 Petition.

## III.    Certificate of Appealability

Under § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 petition, instead, he must first request a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). Because the Court grants Walker's request for an evidentiary hearing as to Ground One, the Court only addresses the certificate of appealability as it relates to Ground Two of Walker's § 2255 Petition.

Walker is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right, which requires him to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* at 336 (citation omitted).

Walker has not submitted any arguments that a certificate of appealability should issue and the Court concludes that based on the untimeliness of his Petition, Walker has failed to establish that reasonable jurors would debate that this § 2255 Petition should be resolved differently as to Ground Two. Therefore, the Court declines to certify any Ground Two issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For these reasons, the Court grants Walker's request for an evidentiary hearing as to Ground One but denies and declines to certify for appeal his Petition to Vacate, Set Aside, or Correct His Sentence Pursuant to 28 U.S.C. § 2255, [1], as to Ground Two.

7

**IT IS SO ORDERED.**

Date: 11/5/2025

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge

8